UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERTO C.,

               Plaintiff,

   -v-

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

UNITED STATES DISTRICT COURT
FILED
SEP 2 6 2022
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

20-CV-01763-MJR
DECISION AND ORDER

      Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 18)

      Plaintiff Alberto C.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 15) is granted, defendant's motion (Dkt. No. 16) is denied, and the case is remanded for further administrative proceedings.

_____

[1] In accordance with the District's November 18, 2020, Standing Order, Plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff filed for DIB on October 11, 2017, alleging a disability onset date of August 30, 2017.  (Administrative Transcript ["Tr."] 175-81).  The application was initially denied on December 18, 2017.  (Tr. 93-98).  Plaintiff timely filed a request for an administrative hearing.  (Tr. 101-17).  On November 21, 2019, Administrative Law Judge ("ALJ") Brian Battles held a video hearing from Falls Church, Virginia.  (Tr. 31-82).  Plaintiff appeared with counsel from West Seneca, New York.  A vocational expert also testified.  The ALJ issued an unfavorable decision on January 24, 2020.  (Tr. 12-30).  Plaintiff appealed to the Appeals Council ("AC") and on October 6, 2020, the AC denied the appeal.  (Tr. 1-6).  This action followed.

## DISCUSSION

### I.   *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     <u>Standards for Determining "Disability" Under the Act</u>

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.*

§§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).   If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 30, 2017, the alleged onset date.  (Tr. 18).  At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar degenerative disc disease and obesity. (Tr. 18).   At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18-19).   Prior to proceeding to step four, the ALJ determined that Plaintiff retains the RFC to perform sedentary work as defined in 20 CFR 404.1567(a), except that he can only occasionally balance, stoop, kneel, crouch and crawl; only occasionally climb ramps or stairs; never climb ladders, ropes or scaffolds; should never work in hazardous environments such as at unprotected heights or around moving mechanical parts; the claimant can only perform routine, repetitive tasks. (Tr. 19-24).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 24).  At step five, the ALJ found that there are other jobs existing in significant numbers in the national economy that Plaintiff can perform. (Tr. 24-26). Therefore, the

ALJ found that Plaintiff was not disabled from the alleged onset date, August 30, 2017, through the date of his decision.  (Tr. 26).

IV.   _Plaintiff's Challenge_

Plaintiff argues, _inter alia_, that the ALJ erred by failing to explain adequately his determination that Plaintiff retained the RFC to perform sedentary work and the case must therefore be remanded.  The Court agrees.

In order to determine a claimant's RFC, the ALJ must consider objective medical facts, diagnoses and medical opinions based on such facts, and subjective evidence of pain or disability testified to by the claimant or others.  _Carrol v. Sec. of Health and Human Services_, 705 F.2d.638 (2nd Cir. 1983); _Parker v. Harris_, 626 F.2d 255 (2d Cir 1980); _Marcus v. Califano_, 615 F. 2d 23 (2d Cir. 1979). The ALJ cannot arbitrarily substitute his own judgment for competent medical opinion evidence.  _McBrayer v. Sec. of Health and Human Services_, 712 F.2d 795 (2d Cir. 1983).

When determining a plaintiff's RFC, and ALJ must evaluate every medical opinion received regardless of source.  20 CFR §404.1527(c).  A plaintiff is entitled to understand why the ALJ chose to disregard portions of medical opinions that were beneficial to the plaintiff's application for benefits.  _Dioguardi v. Comm'r of Soc. Sec._ 445 F. Supp. 2d 288 (W.D.N.Y. 2006).

Here, consultative examiner Harbinder Toor, M.D., examined the Plaintiff on November 17, 2017, and reported that Plaintiff appeared to be in moderate pain and had difficulty rising from a chair.  (Tr. 299).  Dr. Toor found limited range of motion of the lumbar spine, difficulty squatting, difficulty with heel toe walking, difficulty getting onto and off the examination table, and positive straight leg raise, both sitting and supine, at 20

degrees. (Tr. 298-300).   Dr. Toor opined that the Plaintiff has moderate to marked limitations for standing, walking, bending, lifting and carrying, as well as moderate limitation for prolonged sitting.[3]  (Tr. 300).  The ALJ found the medical opinion of Dr. Toor persuasive and concluded that it supported an RFC of at least sedentary work, (Tr. 23), which is defined by the regulations as work performed primarily in the seated position for up to six hours per eight-hour work day.  20 CFR §404.1567(a); *see Britt v. Comm'r of Soc. Sec.*, No. 19-CV-6451-LJV, 2020 WL 5077020 at 3 (W.D.N.Y. Aug. 27, 2020).

The ALJ's conclusion that the Plaintiff can perform sedentary work appears on its face to be inconsistent with Dr. Toor's opinion that the Plaintiff has a moderate limitation for prolonged sitting.  In other words, it appears counterintuitive that a claimant with a moderate limitation for prolonged sitting could perform sedentary work.  The ALJ offered no explanation addressing this apparent inconsistency.  While there might be such an explanation, the ALJ must "construct an accurate and logical bridge between his recitation of the facts and the conclusions he reached."  *Smith v. Comm'r of Soc. Sec.,* No. 19-CV-6194-LJV, 2020 WL 4904956 at 3 (W.D.N.Y., Aug.19, 2020)(remanding where medical opinion found plaintiff was "moderately to markedly limited in standing, walking, lifting, or carrying, . . . but the ALJ did not explain how that led him to conclude that [plaintiff] could lift [and] carry . . . ten pounds frequently and twenty pounds occasionally, let alone occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl." (citations & internal quotation marks omitted)).  The ALJ failed to do that here which requires remand. *See Britt,* 2020 WL 5077020 at 3 (remanding where medical opinion found plaintiff was "moderately limited in sitting a long time . . . but RFC determination failed to explain why

---

[3] Plaintiff testified at the hearing that he could sit in an upright chair for only 10 minutes at a time.  (Tr. 64).

the [] ALJ found that [plaintiff] could sit for six hours out of an eight-hour workday); *see also Luis R. v. Comm'r of Soc. Sec.*, 1:20-cv-6257-FPG, 2021 U.S. Dist. LEXIS 154097, (W.D.N..Y Aug. 16, 2021).  "[T]he ALJ's fail[ure] to explain his reasoning either linking the opinion to, or providing an alternative basis for, the RFC . . . frustrates this Court's efforts to assess the validity of the agency's ultimate findings and afford [Plaintiff] meaningful judicial review."  *Smith*, 2020 WL 4904956, at *3. The absence of a properly grounded RFC constitutes legal error that requires remand. *Id.*[4]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 15) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 16) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      September 26, 2022
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] Plaintiff also argues that the case must be remanded because the ALJ erred by failing to consider properly Plaintiff's reported symptoms pursuant to C.F.R. 1520 and SSR 16-3p.  The defendant should also consider this argument on remand.

- 9 -